## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | Case No.  1:19-cr-074 |
| vs. | ) | |
| | ) | |
| Donald Benny Stone, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the parties' stipulation regarding competency restoration filed on June 9, 2020.  See Doc. No. 32.  This matter began as a result of the Defendant's motion to determine competency filed on June 13, 2019.  See Doc. No. 15.  The Court granted the motion on July 9, 2019.  See Doc. No. 20.  Thereafter, the Defendant underwent an evaluation supervised by Dr. Ryan Nybo, a forensic psychologist for the Federal Bureau of Prisons.  On June 8, 2020, the Forensic Evaluation of Dr. Nybo was filed with the Court.  See Doc. No. 31.  Dr. Nybo issued a detailed report and evaluation and opined that the Defendant was not presently competent to stand trial.  Dr. Nybo further recommended the Defendant undergo competency restoration treatment under 18 U.S.C. § 4241(d).

The parties have stipulated that the Defendant is presently not competent to proceed.  The parties further agree a competency hearing is unnecessary in light of the findings detailed in the report.  The parties request the Court issue an order committing the Defendant to the custody of the Attorney General, pursuant to 18 U.S.C. § 4241(d), for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future the Defendant will attain the capacity to permit the proceedings to go forward.

The determination of whether a defendant is competent to stand trial "is committed to the discretion of the district court." United States v. Whittington, 586 F.3d 613, 617 (8th Cir. 2009); United States v. DeCoteau, 630 F.3d 1091, 1095 (8th Cir. 2011).  A district court's competency determination will not be overturned unless arbitrary, unwarranted, or clearly erroneous. Id.  Based on the undisputed evidence in the record, the Court finds by a preponderance of the evidence that the Defendant is not presently mentally competent to stand trial, and is incapable of participating in the judicial proceedings to determine the validity of the criminal charges filed against her.  The Court incorporates by reference into this order each of the specific factual findings made by Dr. Nybo  as to the Defendant's lack of competence to stand trial.  The Court finds that because the Defendant is not mentally competent and is unable to understand the nature and the consequences of the proceedings against him, he is unable to properly assist in his defense.  See 18 U.S.C. § 4241(d).

Dr. Nybo is a well-trained and competent professional whose opinions are reasonable, straight-forward, and unchallenged.  Dr. Nybo is a forensic psychologist who conducted extensive reviews of the Defendant's records and utilized several forensic tests and assessments to formulate his opinions on competency.  The Court finds by a preponderance of the evidence that the Defendant is not presently competent to stand trial.  As a result, the Court is required to commit the Defendant to the custody of the Attorney General pursuant to the provisions of 18 U.S.C. § 4241(d) in order to determine his capacity to proceed to trial in the foreseeable future.

The statutory scheme set forth in 18 U.S.C. § 4241(d) affords the Court the discretion to first determine whether the Defendant is competent to stand trial.  However, the Eighth Circuit has specifically held that the district court does not have the discretion, prior to a reasonable period of hospitalization in the custody of the Attorney General, to determine whether the defendant will likely

attain the capacity to stand trial.  U.S. v. Ferro, 321 F.3d 756, 761 (8th Cir. 2003).  Instead, 18 U.S.C. § 4241(d) provides that the Attorney General "shall hospitalize the defendant for treatment in a suitable facility . . . as is necessary" to determine whether the defendant's condition will improve to attain the capacity to proceed to trial.  Thus, if there is a finding of incompetence to stand trial, there must be a period of hospitalization.  The district court is required to commit the Defendant to the custody of the Attorney General for a reasonable period of time not to exceed four (4) months to determine whether treatment would allow the trial to proceed.  See 18 U.S.C. § 4241(d)(1).  Such steps are required under the current state of the law regardless of whether the defendant's condition is irreversible.

IT IS ORDERED that, in conformance with 18 U.S.C. § 4241(d), the Defendant shall be committed to the custody of the Attorney General –

(1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

(2) for an additional reasonable period of time until –

(A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or

(B) the pending charges against him are disposed of according to law; whichever is earlier.

Further, if at the end of the time period specified it is determined the Defendant's mental condition has not improved so as to permit proceedings to go forward, the Defendant is then subject to the provisions of 18 U.S.C. §§ 4246 and 4248 (dangerousness assessment and hearing).  If the BOP determines that restoration is unlikely, the Court respectfully requests that a dangerousness

assessment under the provisions of 18 U.S.C. §§ 4246 and 4248 be conducted at the same time the

Defendant is hospitalized.

Dated this 11th day of June, 2020.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court

4